The opinion of tlie court was delivered by
Marr, J.
The father and tutor of the minor, Victoria Fortier, on the advice of a family meeting, obtained an order' of the Second District. Court for the sale of certain real property belonging to her.
It does not appear for what price the property was sold; nor is-there any direct proof in the transcript that the sale was actually made. The order of sale was granted on the 15th May, 1872.
In January, 1878, Hoffman, styling himself agent for Adam Paul, filed a motion in the Second District Court, reciting that Paul was the purchaser of the property, at the public sale made on the eighth July, 1872, pursuant to the order of the court; and that, in order to clear up the title, it was “strictly necessary” that the general mortgage resulting from the inscription of the certificate of the Clerk of the Second District-Court, in July, 1869, that E. C. Fortier had been appointed tutor of the minor, Victoria Fortier, should be canceled and erased.
On this motion a rule was granted, requiring Joseph Holz, under tutor of the minor, Victoria Fortier, to show cause, instanter, why the mortgage should not be canceled and erased. Holz was present; and he, in open court, submitted the rule, and it was made absolute at once.
Some two weeks after this judgment was signed, an attorney, in behalf of the minor, moved the court to appoint a tutor ad hoc for her, stating that her father and tutor had departed this life, without saying *51 when: that she was without a tutor: and that her interests required some one to act presently in her behalf. The court immediately appointed a tutor ad hoc; and, on the same day, this appeal was taken by the minor and the tutor ad hoc from the judgment ordering the mortgage to be canceled and erased.
At first we had some doubt as to the validity of this appointment; but our conclusion is, that, under the general supervisory power which the probate court has over the interests and affairs of minors, when an emergency arises which requires immediate action for the protection of the rights of the minor, the judge not. only has the authority, but it is his duty, to appoint a special tutor ad hoc to represent and act for the minor until a tutor can be appointed in the manner prescribed by law.
We are at a loss to imagine what interest or business Adam Paul had to demand the cancellation of this mortgage, nearly six years after his alleged purchase of the property. The property belonged to the minor, and not to her father; and, of course, no mortgage could ever have attached to it, in her favor, for his acts as her tutor.
The judgment is a nullity on the face of the proceedings. . It is a. serious matter to cancel and erase the tutor’s mortgage. It is the only security which the law requires of the father for his gestión as tutor and it is intended to secure the rights of the minor as fixed and established by the final account and settlement of the tutorship. It does not seem that any proof was offered: there was no trial of the rule to show cause; and it is certain no cause is shown, in the recitals of the motion, for this cancellation. If the minor’s property was actually sold, the tutor was the only person who could have received the price and his liability to her must be and remain secured by the general mortgage on all his real property.
The tutor did not ask to have this general mortgage canceled; nor was he in any way made a party to the rule. If he had sought to have it canceled he would have been required to furnish special and satisfactory security. The father, tutor of his child, is interested in seeing that the rights of the child are secured as the law prescribes. There was’ therefore, no opposition of interest between the tutor and the minor.; and this is the only contingency which authorizes the under tutor to represent and act for the minor. R. C. 0., art. 275.
The law makes it the duty, of the under tutor to see that the evidence of the legal mortgage in favor of the minor is preserved ; and his failure to do his duty, in this respect, would subject him to pecuniary responsibility for any damages that might thereby result to the minor. R. C. C., art. 278. Certainly the law never intended to give the under tutor power or authority to consent to the destroying of the evidence of *52 the mortgage by the canceling and erasing of the inscription by which it is preserved.
If the father, tutor of the minor, was living at the time this rule was taken, he was the only person who could have represented her in that proceeding : if he was dead, it was the business of Holz, the under tutor, to have informed the court of that fact at once, and to have provoked the appointment of a tutor. In neither event was Holz capable of standing in judgment for the purposes of this rule.
The judgment appealed from is therefore annulled, avoided, and reversed : and it is now ordered, adjudged, and decreed that the rule on which the said judgment was rendered be dismissed; and that Adam Paul pay all the costs in the district court and of this appeal.